UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

WOLFRAM KOEPPE,

               Plaintiffs,

    -against-

DEUTSCHE LUFTHANSA AG

               Defendant.
------------------------------------------------------------------x

Civil No.: 08 CV 0048

COMPLAINT

Plaintiffs Demand a Trial By Jury

JUDGE HOLWELL

Plaintiffs, by their attorneys, Kreindler & Kreindler, as and for their complaint allege:

## GENERAL ALLEGATIONS

1. Jurisdiction over this claim and defendant DEUTSCHE LUFTHANSA AG ("LUFTHANSA"), exists pursuant to 28 U.S.C. §§ 1331 and 1332 in that plaintiff is a resident of the State of New York, and the defendant LUFTHANSA is a foreign corporation qualified to do business in the United States, including the State of New York, and maintains an office in this District at 680 Fifth Avenue, New York, New York, and was doing substantial business in and had contacts with the State of New York on or about May 30, 2006 sufficient for this Court to exercise jurisdiction; and this action arises under the provisions of Convention for the Unification of Certain Rules Relating to International Carriage, 49 Stat., part II, p. 3000, 2 Bevans 983, 137 L.N.T.S. 11 (hereinafter "Warsaw Convention"), and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. At all times herein mentioned, defendant LUFTHANSA, was and is a common carrier engaged in the business of transporting passengers for hire by air by and through its servants, agents, employees and as such it owned, operated, maintained and controlled a certain aircraft (the "subject aircraft"), which was operated as Lufthansa Flight 4051 on May 30, 2006 from Naples, Italy to Munich, Germany (the "subject flight").

3. On or about May 30, 2006, plaintiff WOLFRAM KOEPPE was a fare-paying passenger on board the subject flight engaged in international transportation pursuant to a ticket originally purchased for him on or prior thereto in New York, New York.

4. That ticket provided for travel on Lufthansa from New York, New York to Frankfurt, Germany, to Florence, Italy, from Naples, Italy to Munich, Germany, returning from Munich to New York, New York.

5. At all times mentioned herein plaintiff, WOLFRAM KOEPPE, boarded and flew as a fare paying passenger on LUFTHANSA Flight #4051 (Subject Flight) from Naples, Italy on May 30, 2006 with final destination of New York, New York via Munich, Germany.

6. Plaintiff was injured upon take-off while aboard LUFTHANSA Flight #4501 when a large plastic portion of an overhead bin dislodged and struck plaintiff in the head, causing plaintiff to loss consciousness and suffer other serious injuries on May 30, 2006.

7. At all times mentioned herein and on May 30, 2006, said occurrences upon take-off of LUFTHANSA Flight #4051 constituted an accident or unexpected unusual event to plaintiff, external to plaintiff, WOLFRAM KOEPPE , under the applicable provisions of the Warsaw Convention.

8. At all times mentioned herein and on or about May 30, 2006 the actions and/or inaction of defendant LUFTHANSA, caused and created the accident and serious and permanent physical and emotional injuries to plaintiff WOLFRAM KOEPPE which has also caused him to expend and will continue to expend substantial sums for medical care and treatment; plaintiff, WOLFRAM KOEPPE has suffered and will continue to suffer loss of income; and plaintiff WOLFRAM KOEPPE has sustained and will continue to sustain severe pain, suffering, physical limitations and other compensable injuries and is entitled to just compensation for said injuries and losses.

## CLAIM FOR ABSOLUTE LIABILITY
## AGAINST LUFTHANSA

9. Plaintiff asserts each and every allegation of paragraphs 1 through 18 above, with the same force and effect as if each were more fully set forth herein at length.

10. Pursuant to Article 17 of the Warsaw Convention as modified by the Montreal Agreement of 1966, defendant is liable for death, wounding, or other bodily injuries sustained by each of its passengers in "international travel " up to the sum of $75,000.

11. Prior to and effective on May 30, 2006, defendant LUFTHANSA signed and entered into two contracts sponsored and promoted by the International Air Transport Association (IATA), the trade association of international airlines, of which the defendant was a member.

12. At all times mentioned herein and prior to May 30, 2006 defendant entered into the contract known as the IATA Intercarrier Agreement (IIA).

13. At all times mentioned herein and prior to May 30, 2006 the defendant entered a contract known as the Agreement on Measures to Implement (MIA) the Interim Agreement IIA.

14. At all times mentioned herein and prior to May 30, 2006 under the terms of each of these agreements (IIA and MIA), taken both separately and together, defendant, LUFTHANSA, and all other airlines signing the agreements agreed to absolutely waive all limits of damages up to 100,000 Special Drawing Rights ("SDR")("approximately $156,000 U.S. Dollars) and to waive all limits providing plaintiff with full compensatory recovery for damages unless the defendant, carrier, proves it has taken all necessary measures to avoid the damage.

15. At all times mentioned herein and prior to May 30, 2006 these agreements (IIA and MIA) became special contracts between plaintiff WOLFRAM KOEPPE and defendant LUFTHANSA upon plaintiff contracting with LUFTHANSA.

16. At all times mentioned herein and prior to May 30, 2006, Defendant, LUFTHANSA issued its ticket of air passage to and for the benefit of Plaintiff, WOLFRAM KOEPPE .

17. At all times mentioned herein and prior to May 30, 2006, Defendant, LUFTHANSA knew and acknowledged Plaintiff's ultimate destination as New York, USA.

18. At all times mentioned herein and prior to May 30, 2006, Defendant. LUFTHANSA issued its itinerary and ticket to Plaintiff, WOLFRAM KOEPPE memorializing Plaintiff's ultimate destination as New York, USA.

19. At all times mentioned herein and on or about May 30, 2006 Plaintiff, WOLFRAM KOEPPE paid and Defendant, LUFTHANSA, accepted payment in exchange for issuance of the ticket which designated New York, USA as Plaintiff, WOLFRAM KOEPPE 's ultimate destination.

20. At all times mentioned herein and prior to May 30, 2006 the issuance of tickets of air passage to and for the benefit of plaintiff by defendant constituted a contract by defendant with plaintiff.

21. At all times mentioned herein and prior to May 30, 2006 the IIA and MIA agreements were legal and binding contracts to which plaintiff WOLFRAM KOEPPE became a third party beneficiary when he contracted with defendant LUFTHANSA.

22. Defendant LUFTHANSA did not take all necessary measures to avoid the injuries to plaintiff WOLFRAM KOEPPE .

23. As a result of the foregoing, defendant LUFTHANSA is liable to pay plaintiff WOLFRAM KOEPPE full, fair and reasonable compensation for the damages he sustained, including his serious and permanent physical and emotional injuries; the substantial sums he has expended and will continue to expend for medical care and treatment; the loss of income he has suffered and will continue to suffer; the loss of the value of his business; and the severe pain, suffering, physical limitations and other compensable injuries he has sustained and will continue to sustain.

**WHEREFORE**, plaintiff WOLFRAM KOEPPE demands judgment against defendant LUFTHANSA for compensatory damages in an amount to be proven at trial, including

costs of reasonable attorney's fees, interest and costs, and for such other further relief that this Court deems just, proper and equitable.

Dated:  New York, New York
        January 2, 2008

              KREINDLER & KREINDLER
              Attorneys for Plaintiffs

              By: _____
              Noah Kushlefsky (NK6272)
              Orla M. Brady (OB1524)
              100 Park Avenue
              New York, New York 10017
              (212) 687-8181